IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ESTATE OF ROLANDO RODRIGUEZ by
and through its Personal
Representative Maylein Rodriguez
and BRIDGE CONSULTING FIRM, LLC  　　　　　　　　　　PLAINTIFFS

v.  　　　　　　　　　　CAUSE NO. 1:21cv125-LG-BWR

SCOTT M. FAVRE PUBLIC ADJUSTER,
LLC; SCOTT M. FAVRE; CINDY L.
FAVRE; and JOHN AND JANE DOE
DEFENDANTS A, B, C, D, and E　　　　　　　　　　DEFENDANTS

## ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND FOR SANCTIONS

**BEFORE THE COURT** is the [99] Motion for Preliminary Injunction and for Sanctions filed by the plaintiffs, Bridge Consulting Firm, LLC, and the Estate of Rolando Rodriguez. The plaintiffs seek sanctions against counsel for the defendant, David R. Wade, due to statements Mr. Wade made about plaintiffs' counsel David Baria in email messages. The plaintiffs further request "the entry of a preliminary injunction requiring [Wade] to cease and desist from sending harrassing [sic] emails to counsel for Plaintiffs." (Pls.' Mot. at 6, ECF No. 99). Mr. Wade has filed a response to the Motion apologizing to Mr. Baria to the extent that he may have offended him as that was not his intent. However, Mr. Wade continues to accuse Mr. Baria of misconduct, and he argues that he should not be sanctioned if his comments about Mr. Baria were truthful.

## DISCUSSION

In this lawsuit, the plaintiffs claim that the defendants failed to adequately compensate Rolando Rodriguez and Bridge Consulting Firm for referring clients to defendants' insurance adjusting business. Discovery disputes apparently led to contention between Mr. Baria and Mr. Wade that ultimately led to the filing of the instant Motion. To some degree, the parties' submissions concerning the instant Motion discuss the merits of this lawsuit as well as other matters that are not properly before the Court at this time. The Court will only address the issues currently before it — whether Mr. Wade should be sanctioned for the content of his emails to Mr. Baria and whether the Court should enter a preliminary injunction limiting the content of Mr. Wade's emails to Mr. Baria.

The plaintiffs cite several bases for their request for sanctions: the Court's inherent power to impose sanctions, the Mississippi Rules of Professional Conduct, the American Bar Association Rules of Professional Conduct, and this Court's Local Rules. Citing *Mayes v. Kollman*, 560 F. App'x 389 (5th Cir. 2014), the plaintiffs assert "it is highly inappropriate for a lawyer to make personal attacks on opposing counsel during any stage of litigation." *See Mayes*, 560 F. App'x at 394. They also rely on *United States v. Young*, 470 U.S. 1 (1985), in which the United States Supreme Court observed that "inflammatory attacks on the opposing advocate" have "no place in the administration of justice and should neither be permitted nor rewarded." *Young*, 470 U.S. at 9. The comments at issue in both *Mayes* and *Young* were made in the presence of jurors during closing arguments. *Young*, 470 U.S. at

4-5; *Mayes*, 560 F. App'x at 394-95. In those cases, neither the Supreme Court nor the Fifth Circuit discussed whether sanctions were appropriate; they merely addressed whether the judgments of the lower courts should be overturned.

As regards pleadings that are filed of record and placed before the Court, "impertinent, or scandalous matter" may be stricken.[1] The threshold for a court's use of the inherent power to sanction attorneys is high. *Dawson v. United States*, 68 F.3d 886, 895 (5th Cir. 1995). Therefore, the court must make a specific finding that the attorney acted in bad faith. *Id.* However, a court is not required to make a finding of bad faith before imposing sanctions pursuant to a Local Rule. *In re Goode*, 821 F.3d 553, 559 (5th Cir. 2016).

Practice in the Court is a privilege, not a right. The Court's Local Rules provide that attorneys who make an appearance before this Court are bound by the Mississippi Rules of Professional Conduct and are subject to discipline for violating them. Local Uniform Civ. R. 83.5. The Local Rules further provide:

> The Court may, after notice and an opportunity to show cause to the contrary, if requested, censure and reprimand any attorney who practices before it for conduct unbecoming a member of the bar or for failure to comply with these rules, the Mississippi Rules of Professional Conduct, or any other rule of the court.

Local Uniform Civ. R. 83.1(c)(1). The phrase "conduct unbecoming a member of the bar" is not defined in the Local Rules, but the United States Supreme Court has interpreted the same phrase, as used in Federal Rule of Appellate Procedure 46, to mean "conduct contrary to professional standards that shows an unfitness to

---

[1] *See* Fed. R. Civ. P. 12(f)

-3-

discharge continuing obligations to clients or the courts or conduct inimical to the administration of justice." *In re Hermesmeyer*, 688 F. App'x 300, 305 (5th Cir. 2017) (quoting *in re Snyder*, 472 U.S. 634, 644-45 (1985)). The plaintiffs further claim that Mr. Ward has violated Mississippi Rule of Professional Conduct 8.4(d) and American Bar Association Rule of Professional Conduct 8.4(d), which both provide that "[i]t is professional misconduct for a lawyer to . . . engage in conduct that is prejudicial to the administration of justice."

    The Court does not condone Mr. Wade's statements or the overall tone of the emails he sent to Mr. Baria and reminds all officers of the Court of their continuing duty to deal with each other with respect, civility and as professionals. In other words, "do as adversaries do in law, strive mightily, but eat and drink as friends".[2] There is no indication of bad faith on the part of Mr. Wade, and his statements do not rise to the level of conduct unbecoming a member of the bar. The statements have not, thus far, constituted conduct prejudicial to the administration of justice, as they were not made in an attempt to prejudice jurors. As a result, the plaintiffs' [99] Motion for Preliminary Injunction and for Sanctions is denied. Any additional concerns related to unprofessional may be referred to the Mississippi Bar Association, or raised pursuant to this Court's Local Rules.

---

[2] William Shakespeare, *The Taming of the Shrew, Act I, sc. 2*

-5-

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [99] Motion for Preliminary Injunction and for Sanctions filed by the plaintiffs, Bridge Consulting Firm, LLC, and the Estate of Rolando Rodriguez is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 14th day of September, 2022.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE