IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| ESTATE OF ROLANDO RODRIGUEZ by and through its Personal Representative Maylein Rodriguez and BRIDGE CONSULTING FIRM, LLC | PLAINTIFFS |
| v. | CAUSE NO. 1:21cv125-LG-BWR |
| SCOTT M. FAVRE PUBLIC ADJUSTER, LLC; SCOTT M. FAVRE; CINDY L. FAVRE; and JOHN AND JANE DOE DEFENDANTS A, B, C, D, and E | DEFENDANTS |

### ORDER GRANTING PLAINTIFFS' MOTION TO STAY RULING ON DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND FINDING AS MOOT PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO RESPOND TO MOTION FOR PARTIAL SUMMARY JUDGMENT

**BEFORE THE COURT** are Plaintiffs' [108] Rule 56(d) Motion to Stay Ruling on Scott M. Favre Public Adjuster, LLC (SMFPA)'s Motion for Partial Summary Judgment and the [109] Motion for Extension of Time to File a Response to SMFPA's Motion for Partial Summary Judgment. SMFPA has filed a response partially opposing the Rule 56(d) Motion, but it did not file a response to the Motion for Extension of Time. After reviewing the Motions, the record in this matter, and the applicable law, the Court finds that the Rule 56(d) Motion should be granted, and the Motion for Extension of Time is moot.

### BACKGROUND

In this lawsuit, Plaintiffs claim that Defendants failed to adequately compensate Rolando Rodriguez and Bridge Consulting Firm for referring clients to Defendants' insurance adjusting business. Rodriguez passed away soon after this

lawsuit was filed, and his estate was substituted as a party to this lawsuit. SMFPA filed a Motion for Partial Summary Judgment and supporting Memorandum arguing that two valid and binding written contracts are at issue in this case — a September 22, 2017 contract between Rodriguez and SMFPA and a September 21, 2018 contract between SMFPA and Bridge Consulting. Plaintiffs have alleged that two oral agreements existed between Rodriguez and SMFPA, but SMFPA argues that no such oral agreements were ever formed. SMFPA argues that the written 2017 contract was never modified because that contract, pursuant to its terms, could only be amended by documents signed by both parties and there is no evidence of any such document modifying the 2017 contract. SMFPA further argues that there is no evidence that SMFPA waived the requirement of a document signed by both parties and Plaintiffs have admitted that the 2017 contract was never modified.

As for the written 2018 contract, SMFPA argues that "it is undisputed that Rodriguez never made any referral of a potential client under such contract that resulted in SMFPA obtaining a public adjuster contract." (SMFPA's Mem. at 6, ECF No. 107). SMFPA further argues there is no evidence that proves the existence of oral agreements between the parties.

Plaintiffs seek a stay of this Court's ruling on the Motion for Partial Summary Judgment pursuant to Fed. R. Civ. P. 56(d) on the basis that "certain facts essential to fully address the assertions in SMFPA's Motion . . . cannot be adequately presented prior to Plaintiffs being given an opportunity to conduct

reasonable discovery in this cause." (Pls.' Mot. at 1-2, ECF No. 108). SMFPA asks the Court to grant Plaintiffs' Rule 56(d) Motion to the extent it pertains to the alleged oral contracts and require Plaintiffs to respond to the Motion for Partial Summary Judgment on or before the motion deadline of January 18, 2023. However, SMFPA asserts that the Court should deny the Rule 56(d) Motion to the extent it pertains to the written contracts and suggest that Plaintiffs be required to respond to SMFPA's arguments concerning the written contracts within fourteen days of entry of the Court's Order on the Rule 56(d) Motion.

## DISCUSSION

Fed. R. Civ. P. 56(d) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

"Rule 56(d) motions for additional discovery are broadly favored and should be liberally granted because the rule is designed to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose." *Am. Fam. Life Assur. Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013) (internal quotation marks omitted). In order to obtain Rule 56(d) relief, the non-moving party must "set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Id.*

Counsel for Plaintiffs, Christopher C. Van Cleave, has testified by affidavit that there are numerous documents located at SMFPA's offices in Puerto Rico as well as internal communications, such as emails and text messages, between SMFPA representatives that Plaintiffs have not had the opportunity to review. Furthermore, Plaintiffs have filed two Motions to Enforce Subpoenas, for Contempt, and to Compel in the Puerto Rico District Court in an attempt to obtain compliance with subpoenas served on two witnesses who reside in Puerto Rico. Plaintiffs wish to obtain these documents before taking depositions of SMFPA and Defendant Scott Favre. Mr. Van Cleave testified:

> I believe that these documents and depositions are reasonably likely to provide additional evidence supporting Plaintiffs' claims, including additional evidence to further support the existence and terms of the oral agreements that are the subject of SMFPA's Motion for Partial Summary Judgment. I reasonably expect that the still concealed internal communications, such as those made in response to Mr. Rodriguez's email confirming the terms of the Puerto Rico oral agreement and those made in response to Mr. Rodriguez's demand that he be paid the agreed upon 10% of fees received by SMFPA for work done for PRASA as per the parties' agreement, will contain further evidence confirming the existence and the terms of the oral agreements that is necessary to fully respond to SMFPA's Motion.

(Pls.' Mot. at 10, ECF No. 108-1). Mr. Van Cleave also notes that SMFPA's Motion relies on the affidavit of Taiwan Chapman, but Chapman was not identified as a witness in Defendants' initial disclosures and Plaintiffs have not had an opportunity to depose her.

Without further explanation or support, SMFPA claims, "Attorney Van Cleave's Affidavit is to say the least, patently conclusory. Moreover, the Affidavit is generally not truthful and will fall under its own weight as this case proceeds with

the foreseeable consequences." (SMFP A's Resp. at 3 n.3, ECF No. 111). SMFPA further argues that Plaintiffs only seek additional discovery concerning the alleged oral contracts between Rodriguez and SMFPA, so "there is no good cause or rational reason to not proceed with SMFPA's Motion for Partial Summary Judgment upon the two (2) written contracts." (*Id.* at 4).

Plaintiffs reply that documents that have not yet been produced in discovery pertain to the issue of whether SMFPA breached its written contract to pay a percentage of fees for referred clients in Puerto Rico. Furthermore, piecemeal adjudication of SMFPA's Motion "would be confusing and would not serve the interests of judicial economy." (Pls.' Reply at 1, ECF No. 112).

The Court finds that Plaintiffs have demonstrated that they cannot adequately respond to SMFPA's Motion at this time due to extensive outstanding discovery. The Court further finds that there would be no benefit to requiring Plaintiffs to file a partial response to the Motion for Partial Summary Judgment. As a result, Plaintiffs' Rule 56(d) Motion is granted. The deadline for Plaintiffs to respond to the Motion for Partial Summary Judgment is extended to January 18, 2023.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Plaintiffs' [108] Rule 56(d) Motion to Stay Ruling on Scott M. Favre Public Adjuster, LLC's Motion for Partial Summary Judgment is **GRANTED**. Plaintiffs' Response to the Motion for Partial Summary Judgment is due on or before **JANUARY 18, 2023**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the [109] Motion for Extension of Time to File a Response to SMFPA's Motion for Partial Summary Judgment is **DENIED AS MOOT**.

**SO ORDERED AND ADJUDGED** this the 17th day of October, 2022.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE